IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DAVID BRYAN BROOKS,

    Plaintiff,

v.                                                    No. 1:24-cv-1098-STA-jay

BRAD WILSON, Lexington Police Investigator;
DONNA HETHERINGTON, Lexington Police Captain;
JODY PICKENS, Former 26th Judicial District Attorney General;
JOSHUA B. DOUGAN, Former 26th Judicial District Attorney General;
ANGELA SCOTT, Former 26th Judicial District Attorney General;
JACKIE BAUSMAN, Lieutenant;
PAULA LOCKHART, Correctional Officer;
LUKE GOODMAN, LPN;
QUALITY CORRECTIONAL HEALTH CENTER;
JOHN DOE, Medical Staff;
JANE DOE, Medical Staff;
HENDERSON COUNTY JUSTICE COMPLEX; and
HENDERSON COUNTY,

    Defendants.

---

REPORT AND RECOMMENDATION

---

On May 1, 2024, Plaintiff David Bryan Brooks filed a lawsuit against the above-captioned parties. (Docket Entry ["D.E."] 1.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Brooks sought and received in forma pauperis status. (D.E. 2, 6.) Brooks has also filed a motion for the appointment of counsel. (D.E. 7.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

1

### I.     28 U.S. C. § 1915(E)(2)(B) SCREENING

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

#### A.     Proposed Findings of Fact

Brooks's lawsuit arises from a criminal prosecution that began in 2018. According to Brooks's Complaint, in April of 2018, he was accused of committing various violent crimes against whom he describes as an "on-and-off" girlfriend. (D.E. 1 at 4-5, PageID 4-5.) The alleged victim gave a statement to Defendant Donna Hetherington of the Lexington Police Department, and Defendant Brad Wilson of the Lexington Police Department executed a search warrant on Brooks's home where various electronic devices and other items were seized. (*Id.* at 5, PageID 5) Brooks was subsequently charged with domestic assault, aggravated assault, especially aggravated kidnapping, aggravated rape, and possession of synthetic cannabinoid. (*Id.*) Brooks alleges that statement the alleged victim gave to Defendants Hetherington and Wilson was false, and that the evidence these officers relied upon in bringing the case against him was fabricated. (*Id.*) Brooks further alleges that Defendant District Attorney Jody Pickens, Defendant Assistant Attorney General Joshua Dougan, and Defendant Assistant District Attorney Angela Scott relied upon the false statement and fabricated evidence, but nonetheless prosecuted him. (*Id.*) He further alleges that prosecutors willfully withheld and destroyed or manipulated evidence. (*Id.*)

Brooks references a prior lawsuit brought in this Court which arose from his assault while he was detained in the Henderson County Jail. *See Brooks v. Bausman, et al.*, No. 19-1201-JDT-cgc. In that 2019 action, Brooks named as Defendants Henderson County Justice Complex (HCJC) Lieutenant Jackie Bausman, HCJC Correctional Officer Paula Lockhart, Licensed Practical Nurse (LPN) Luke Goodman, inmate Michael Jowers, Quality Correctional Health Care (QCHC), and HCJC. Judge James D. Todd summarized Brooks's allegations as follows:

> Brooks alleges he has been held in protective custody at the HCJC because of threats he has received. On March 23, 2019, he "made an electronic request" about not being allowed to use the phone. Late that night, and into the next day, Brooks was allowed his "1 hour out daily," during which he was supposed to be the only inmate out of his cell. However, while he was out, the electronic lock on the door to his area "popped open" three times, allowing inmate Jowers to enter the area and attack Brooks. Brooks alleges that Jowers inflicted "life changing injuries," for which he was denied medical treatment.
>
> Brooks alleges that an unnamed nurse signed his initials without his permission on a medical administrative form when he asked what pills he was being given. He alleges that he has been in severe pain "24 hours [per] day–7 days per week" since the attack but has received no treatment. Brooks also alleges that unnamed medical staff refused to treat his pain and numerous medical issues from the attack. He alleges that an unspecified LPN (possibly Defendant Goodman) saw him after the attack but, instead of scheduling him for surgery, merely gave him ibuprofen and sent him back to his cell.
>
> Brooks lists specific allegations against each Defendant related to the attack. He alleges that he sent multiple requests for help with his injuries to Lieutenant Bausman but received no response. He alleges that he was "locked out" of parts of the electronic kiosk system used to submit grievances on March 24 and 25, 2019, while he was on protective custody.
>
> Brooks alleges that Officer Lockhart was on duty in the guard tower when Jowers attacked him but did not respond to his call for help until after the beatings had ended.
>
> He also alleges that LPN Goodman did not respond to his sick-call requests for treatment of his injuries and will not discuss any surgical treatment options.
>
> Brooks alleges that QCHC also refused to provide treatment or a referral for surgery. He alleges he saw one doctor in May 2019 who told him his injuries were "repairable by surgery," but QCHC has yet to refer him for the surgery.

3

> He alleges that the HCJC failed to maintain safe conditions for him in protective custody or render care for his injuries. Since the filing of the complaint, Brooks has sent the Court three letters in which he details the worsening of his medical conditions. Brooks seeks surgery and other medical treatment, payment for that treatment, and compensatory damages.

*Brooks v. Bausman, et al.*, No. 19-1201-JDT-cgc, Order Dismissing Complaint and Granting Leave to Amend, (D.E. 12 at 1-3, PageID 64-66) (W.D. Tenn. Dec. 31, 2019) (docket citations and footnotes omitted) ("*Brooks I*").

In *Brooks I*, the court conducted a screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) and found that Brooks had failed to state a claim on which relief may be granted. (*See Brooks I*, D.E. 12.) In accordance with the Prison Litigation Reform Act, the *Brooks I* court gave Brooks leave to file an amended complaint within 21 days of the date of entry of the December 31, 2019, order. (*Id.*) Brooks failed to do within the provided time, the court dismissed his complaint in its entirety with prejudice, and judgment was entered on February 4, 2020. (*Brooks I*, D.E. 13, 14.) On March 4, 2020, a letter was docketed from Brooks in which he stated that he had received the order granting leave to amend his complaint after the deadline to amend had expired. (*Brooks I*, D.E. 15.) No further action was taken in *Brooks I*.

On May 1, 2024, Brooks filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging the deprivation of several of his Constitutional rights. (D.E. 1.) He alleges that Defendants Wilson, Hetherington, Pickens, Dougan, and Scott violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights "by abusing their prosecution authorities …, falsely, maliciously, and arbitrarily prosecut[ing] Plaintiff, put[ting] him in jail, and with[holding] and falsif[ying] evidence" against him. (*Id.* at 15, ¶ 49, PageID 15.) Brooks also reasserts the failure to protect claim he brought against Defendants Bausman, Lockhart, HCJC, and Henderson County in *Brooks I*. (*Id.* at ¶50.) Brooks finally reasserts the denial of medical care claims brought against Defendants Goodman,

QCHC, John Doe, Jane Doe, HCJC, and Henderson County in *Brooks I*. (*Id.* at 16, ¶51, PageID 16.) He seeks declaratory and injunctive relief, compensatory and punitive damages, and general relief. (*Id.* at 17-18, PageID 17-18.)

    **B.**    **Proposed Conclusion of Law**

        1.    <u>Standard of review.</u>

"In determining whether a complaint fails to state a claim, the court must construe the complaint in the light most favorable to the plaintiff[.]" *Payne v. Sec'y of Treasury*, 73 Fed.Appx. 836, 837 (6th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must assert "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face[.]" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (emphasis added). A claim is *plausible* when the alleged fact "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints must also meet this plausibility standard. They are "not exempt from the Federal Rules of Civil Procedure." *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-cv-02724, 2022 WL 18141470, at *1 (W.D. Tenn. Sep. 7, 2022) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Although "*pro se* complaints are held to less stringent standards" and "should be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), courts do not "abrogate [the] basic pleading essentials in *pro se* suits." *Wells*, 891 F.2d at 594. If essential elements are

5

missing, dismissal is warranted as a matter of law. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (explaining that the "purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.").

2. The claims asserted in *Brooks I* should be dismissed.

Brooks reasserts his failure to protect and inadequate medical care claims that were dismissed in *Brooks I*. He seeks leave to amend the complaint he filed in *Brooks I*, and to consolidate *Brooks I* with the present action. (D.E. 1 at 8-11, PageID 8-11.) He states that his deadline to amend his complaint in *Brooks I* was January 21, 2020, but that jail officials did not deliver the court's December 31, 2019, order to him until January 24, 2020. (*Id.* at 9, PageID 9.) Brooks offers as good cause for leave to file an amended complaint in *Brooks I* that he was indigent, pro se, and a layperson without knowledge of the law; he was in pain from the injuries he received because of his assault; and the delay in receiving the December 31, 2019, order. (*Id.*) He further states that when he was released from the custody of the Tennessee Department of Correction on May 15, 2023, he was then finally able to "decipher" the December 31, 2019, order. (*Id.* at 9-10, PageID 9-10.)

The Sixth Circuit strictly upholds the "deeply embedded judicial and legislative policy in favor of keeping final judgments final." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017). Here, judgment was entered in *Brooks I* on February 4, 2020. Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).

> With regard to Rule 59, the United States Supreme Court has explained:
>
> Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension. The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. In keeping with that corrective function, "federal courts generally have [used] Rule 59(e) only" to "reconsider[ ] matters properly encompassed in a decision on the merits."

*Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (internal citations omitted). As Brooks has waited over four (4) years to seek relief from the judgment entered in *Brooks I*, he is well beyond the 28-day time limit for a Rule 59 motion.

His only other alternative for reviving his previously decided claims, Rule 60 of Federal Rules of Civil, offers "six discrete paths for undoing a final judgment." *Cummings*, 865 F.3d at 846. Rule 60 provides that a trial court may grant relief from a judgment for one of the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud, misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, discharged, or otherwise reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Rule 60(c)(1) also provides that any motion under Rule 60(b) must be made within a reasonable time, and if brought under subsections (1), (2), or (3), no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

At the outset, the Court notes that Brooks does not couch his attempt to revive the claims set forth in *Brooks I* as a motion under Rule 60(b) and, accordingly, does not state which provisions of Rule 60(b) he intends to invoke, which is a "prerequisite to relief." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.") (internal quotations omitted). Looking past his failure to identify which basis under Rule 60(b) he would rely upon in seeking to set aside the *Brooks I* judgment, the undersigned concludes that Brooks cannot avail himself of any of the bases for setting aside a judgment set forth in subsections (1), (2), or (3) of Rule 60(b) as these grounds are time barred under Rule 60(c)(1).

Motions under subsections (4), (5), and (6) must also be made within a "reasonable time," which is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). The flexible nature of this time frame is not unlimited and is constrained by the public policy favoring finality of judgments. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). The Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered. *See U.S. v. Dailide,* 316 F.3d 611, 618 (6th Cir.2003) (four years); *Blachy v. Butcher,* No. 03–2079, 2005 WL 843905, at *5 (6th Cir. Apr.12, 2005) (three years); *Ohio Cas. Ins. Co. v. Pulliam,* No. 96–6522, 1999 WL 455336, at *3–4 (6th Cir. June 23, 1999) (three years). A district court may not extend the time limits imposed by Rule 60(b). *See Smith v. Sec'y of Health & Hum. Servs.,* 776 F.2d 1330, 1332–33 (6th Cir.1985). Like with subsections (1), (2), and (3) of Rule 60(b), Brooks's four-year

8

delay in attempting to amend his complaint in *Brooks I* is also untimely under subsections (4) and (6).

The only remaining basis is Rule 60(b)(5) which provides for "vacatur when the party seeking relief ... can show a significant change either in factual conditions or in law." *Cummings*, 865 F.3d at 847 (6th Cir. 2017) (quotation omitted). There is no possible basis for Brooks to claim that the *Brooks I* judgment has been "satisfied, released or discharged," or that the judgment was "based on an earlier judgment that has been reversed or vacated." Thus, the only possible basis for application of Rule 60(b)(5) would be the inequitable prospective application clause. However, there is nothing in the Rule 12(b)(6) dismissal of *Brooks I* that implicates "prospective application." The prototypical situation for the prospective application clause of Rule 60(b)(5) is where current events have outgrown a previously entered forward-looking injunction or consent decree. *Casasanta v. Fed. Nat. Mortg. Ass'n*, No. 12-CV-10108, 2014 WL 1977038, at *2–3 (E.D. Mich. May 15, 2014), *aff'd*, 591 F. App'x 464 (6th Cir. 2015). The judgment in *Brooks I* is not the type of judgment contemplated by Rule 60(b)(5) subject to being vacated.

The failure to protect and inadequate medical care claims Brooks asserted against Defendants Bausman, Lockhart, Goodman, QCHC, John Doe, Jane Doe, Henderson County, and HCJC should be dismissed. These claims have previously been dismissed by the Court in *Brooks I*, and Brooks has not satisfied the requirements of either Rule 59 or Rule 60. The judgment entered against him in *Brooks I* should not be set aside, he should not be allowed to amend his complaint in that action, and he should not be allowed to consolidate *Brooks I* with the present action.

    3.    <u>New claims barred by statute of limitations.</u>

Brooks's claims brought against Defendants Hetherington, Wilson, Pickens, Dougan, and Scott are barred by the statute of limitations and should be dismissed. The limitations period for §

1983 actions arising in Tennessee is one year. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or has reason to know" of the alleged injury through "reasonable diligence." *Id.* at 273.

Brooks seeks redress from these Defendants for events surrounding the criminal investigation that led to his prosecution that commenced. (D.E. 1 at 4-5, PageID 4-5.) It is unclear from Brooks's complaint precisely what actions these Defendants allegedly took that give rise to his claims against them; however, Brooks clearly states that the investigation that preceded his prosecution began in 2018. (*Id.*) Brooks further states that he was released from the TDOC's custody on May 15, 2023. (*Id.* at 9-10, PageID 9-10.) Brooks filed this action on May 1, 2024. (D.E. 1.) It is unlikely, if not impossible, that his prosecution was commenced and concluded between May 1, 2023, and May 15, 2023—his release date from the TDOC. Accordingly, Brooks's claims against these Defendants arising from the criminal investigation brought against him and subsequent prosecution are barred by the one-year statute of limitations.

C. **Conclusion**

It is recommended that Brooks's present lawsuit be dismissed with prejudice for failure to state a claim. His claims brought against Defendants Hetherington, Wilson, Pickens, Dougan, and Scott are barred by the statute of limitations. His claims against the remaining Defendants have previously been dismissed in a prior lawsuit, and Brooks has not established any grounds upon which the judgment previously entered against him should be set aside.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Brooks has also filed a Motion to Appoint Counsel. (D.E. .7) Federal law provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Lab'y*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). Only in "exceptional circumstances" should a court appoint counsel for a pro se litigant in a civil case. *Id*. at 606; *Cavin v. Mich. Dep't of Corr*., 927 F.3d 455, 461 (6th Cir. 2019). In deciding whether exceptional circumstances exist, courts should consider the complexity of the case, the ability of the litigant to represent themselves, and whether the litigant's claims are frivolous. *Lavado*, 922 F.2d at 606. Therefore, a civil litigant seeking appointed counsel must generally distinguish their case from other lawsuits filed by pro se litigants. *See Watson v. Piccadilly Rests., LLC*, No. 11-2642-STA-cgc, 2012 WL 2681819 at *2–3 (W.D. Tenn. 2012).

In light of the above recommendation that Brooks's lawsuit be dismissed for failure to state a claim, appointment of counsel would be inappropriate. Therefore, Plaintiff's Motion to Appoint Counsel should be denied as moot in the event the Court adopts this Report and Recommendation.

## III. RECOMMENDATION

For the reasons above, it is RECOMMENDED that Plaintiff David Bryan Brooks's claims be dismissed for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii). It is further RECOMMENDED that Plaintiff's Motion to Appoint Counsel be denied as moot.

Respectfully submitted this the 14th day of November, 2024.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**