UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DAVID BRYAN BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 24-1098-STA-jay |
| ) | |
| BRAD WILSON et al., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE FOR DISMISSAL
AND DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Before the Court is the United States Magistrate Judge's Report and Recommendation that this lawsuit be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and that Plaintiff's motion for appointment of counsel be denied as moot. (ECF No. 9.) Plaintiff has filed timely objections. (ECF No. 11.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety.

If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R.Civ. P. 72(b). Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th

Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, the Court will consider only the portions of the Report and Recommendation to which Plaintiff made specific objections.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that Defendants wrongfully prosecuted him, despite his innocence, by, *inter alia*, introducing fraudulent evidence, engaging in perjury, and withholding evidence, all of which resulted in the deprivation of his liberty. As noted by the Magistrate Judge, this action arises from a criminal prosecution that began in 2018. Plaintiff was arrested and charged with domestic assault, aggravated assault, especially aggravated kidnapping, aggravated rape, and possession of synthetic cannabinoid, despite the fact that he was "innocent." He contends that Defendant Officers relied on the alleged victim's "false allegations and fabricated evidence" to support his wrongful prosecution. According to Plaintiff, Defendant District Attorney Jody Pickens, Defendant Assistant Attorney General Joshua Dougan, and Defendant Assistant District Attorney Angela Scott relied upon the false statement and fabricated evidence to prosecute him and willfully withheld and destroyed or manipulated evidence. He also contends that Defendants failed to protect him while he was incarcerated and failed to provide proper medical care in 2019.

In his complaint, Plaintiff acknowledges that he previously filed suit while he was incarcerated for the underlying events of the present action in *Brooks v. Bausman*, 1:19-1201-JDT-cgc. The allegations in that lawsuit relate to his present claim that Defendants failed to protect him and failed to provide proper medical care. He also appeared to "be asking this Court to intervene in an ongoing criminal proceeding," which the Court declined to do. *Id.* at p. 11.

Ultimately, the Court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff was given until January 21, 2020, to file an amended complaint but did not do so. The matter was then dismissed with prejudice, and judgment was entered.

The Magistrate Judge correctly determined that Plaintiff could not reassert any claims in this suit that were previously dismissed with prejudice, specifically the failure to protect and denial of medical care claims. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) ("Pursuant to the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). The fact that Plaintiff is pro se and indigent does not alter this principle of law.  Even though Plaintiff did not move to alter or amend the judgment under either Rule 59 or Rule 60, the Magistrate Judge examined whether Plaintiff might have some avenue of relief under either Rule and correctly determined that he did not as any potential motion would have been time-barred under Rule 60(b)(1)-(4) and Plaintiff had not shown any "significant change either in factual conditions or in law" to make him eligible for relief under Rule 60(b)(5).

The Magistrate Judge then determined that the claims not previously presented were also time-barred because the limitations period for § 1983 actions arising in Tennessee is one year under Tenn. Code Ann. § 28-3-104(a)(1)(B), and the events in question clearly happened more than one year prior to the filing of the complaint.  The statute of limitations begins to run at the time the plaintiff "knows or has reason to know" of the alleged injury through "reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

In his objections, Plaintiff asks the Court to apply equitable tolling to his claims. He contends that he did not know that evidence against him was falsified until he obtained a hard

3

drive of his criminal record from his post-conviction attorney in July 2023. However, he clearly referenced "fabricated" evidence in his 2019 lawsuit.

To the extent Plaintiff makes a claim of actual innocence concerning his prior conviction, the Supreme Court has held that a plaintiff cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the prisoner first shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus ..." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Having made none of those showings here, to the extent that Plaintiff's claims directly challenge his conviction (*e.g.*, his actual innocence claim) or the fact of his imprisonment as a result of his conviction, they are barred by *Heck* and must be dismissed.

Because the Magistrate Judge correctly determined that the matter should be dismissed *sua sponte*, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Accordingly, this matter is hereby **DISMISSED**, and the motion for appointment of counsel is **DENIED** as moot.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be

taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that this matter should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the action also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days. Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 6, 2024